## George de Tarnowsky, Defendant in Error, v. Charles H. Walker, Plaintiff in Error.

### Gen. No. 20,164.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed March 11, 1915.

### Statement of the Case.

Action by George de Tarnowsky against Charles H. Walker to recover for medical services rendered defendant's minor son who was injured by a freight car, his leg having been crushed from the ankle nearly to the knee. Plaintiff had apparently been called by a witness to the accident. On the second day after the accident defendant, with plaintiff's consent, called his family physician, Dr. McClintock, to see the boy. Plaintiff testified that his condition on that day was very bad, that "it looked as though he might pass away that day," and in order to tide him over the crisis he injected a saline solution. His condition immediately improved and on the following day the boy was removed to another hospital and plaintiff's connection with the case terminated.

Defendant endeavored to show by Dr. McClintock that plaintiff admitted that he had exhausted his medical knowledge and that the saline solution had been injected at the suggestion of the witness; but the proffered evidence was excluded. In the course of the examination of Dr. McClintock the following occurred in the presence of the jury:

"Mr. Bishop. Who, if anyone at that time suggested to you—

A.   I did.

Q.   —the application or use of this saline solution?

Mr. Holton:   I object.

The Court (to the witness): Leave the witness stand. You knew that question was to be objected to and you deliberately answered it, as you have several times before,—*aching here all this time to get in that answer to that question."*

Thereupon, the witness left the witness stand, and the Court said to defendant's counsel: "Proceed with some other witness and *get a witness who is willing to be fair."* Counsel replied that he had no other witness, but would make an offer of proof out of the hearing of the jury. An argument ensued between the court and counsel in the presence of the jury, in the course of which the Court used the following language: "This witness, after deliberately warning him two or three times,—he deliberately tried to inject his answer in before counsel got in his objection—he did it designedly, with a purpose, and when this is done—done repeatedly—the witness is no longer entitled to sit on a witness stand and be heard. * * * This witness seems overly anxious. It is not proper that one member of the profession should be overly anxious to punish another member of a profession even though parties may differ. But when a witness of that kind takes deliberate opportunity to deliberately defeat some other member of the profession, it seems to me going entirely outside the bounds. * * * He is one of those very smart young doctors that want to show he knows it all and no other physician knows what he is acting on. He thought that he would show us, in spite of court and in spite of counsel and everybody and anybody else, he was going to show how smart he was. He will find out that courts of justice are not constituted for such purposes as that."

The defendant offering no further testimony the court directed a verdict for plaintiff, from a judgment on which defendant brings error.

P. H. BISHOP, for plaintiff in error.

HELMER, MOULTON, WHITMAN & WHITMAN, for defendant in error; CHARLES R. HOLTON, of counsel.

De Tarnowsky v. Walker, 191 Ill. App. 610.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. PHYSICIANS AND SURGEONS, § 28*—*what evidence competent in action for services.* Where in an action by a physician against a father for medical services rendered to his minor child, injured in an accident, the plaintiff testified that the condition of the child indicated a rapidly approaching fatal termination when he injected a saline solution into the veins, causing an immediate improvement, refusal to permit defendant's family physician, called into consultation with plaintiff at defendant's request, to testify that the saline injection was made at his suggestion, plaintiff having admitted to him that he had reached the end of his medical resources, was erroneous, since it would have a tendency to prove failure on plaintiff's part to use due care in his treatment.

2. TRIAL, § 71*—*when court without power to direct witness to leave stand.* While the trial court has full power to punish a witness for wilful disobedience of its warning not to answer questions in advance of objection, it was without power to exclude his competent evidence or deprive a party of the benefit of his testimony by compelling him to leave the witness stand, on account of an alleged violation of such a warning.

3. TRIAL, § 45*—*when remarks of trial court prejudicial.* Remarks of a trial judge on peremptorily ordering a witness to leave the stand because of giving answers to questions in advance of objection, which were of such a character as to discredit the witness and his testimony, *held* prejudicial.

4. PHYSICIANS AND SURGEONS, § 28*—*what constitutes question of fact as to value of services.* In an action by a physician to recover for medical services to defendant's minor child, who was injured in an accident, testimony of defendant's family physician, who was called into consultation with plaintiff at defendant's request, that the child's condition indicated that death was imminent, that plaintiff admitted having reached the end of his medical resources whereupon he suggested to plaintiff the injection of a saline solution, after which the child's condition immediately improved, that if such injection had been made earlier it would not have been necessary to remove as much of the child's leg as was afterwards amputated, has a tendency to raise an issue of fact as to whether plaintiff's services were of any value.

5. PHYSICIANS AND SURGEONS, § 24*—*what constitutes a defense in action for services.* In an action by a physician to recover for medical services rendered defendant's minor child, proof that plaintiff's services were of no value constitutes a defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.